**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CANATELO, LLC

      Plaintiff,

v.

AXIS COMMUNICATIONS AB;
AXIS COMMUNICATIONS, INC.

      Defendants.

C.A. No. _____

**TRIAL BY JURY DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Canatelo, LLC ("Canatelo"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendants from infringing and profiting, in an illegal manner and without authorization and/or consent from Canatelo, from U.S. Patent No. 7,310,111 (the "'111 Patent") and 6,476,858 (the "'858 Patent") (attached hereto as Exhibits A and B), pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

**THE PARTIES**

2.      Plaintiff Canatelo is a Puerto Rico limited liability company with its principal place of business at Martinal Plaza Aldea St. 1414, Suite 402, San Juan, Puerto Rico 00907.

3.      Defendant AXIS Communications AB is a company organized under the laws of Sweden with its principal place of business at Emdalavagen 14, Lund, Sweden.

4.      Defendant AXIS Communications, Inc. is a corporation organized under the laws of Massachusetts with its principal place of business at 300 Apollo Drive, Chelmsford, MA, 01824.  AXIS can be served with process through its agent Fredrik Nilsson, 300 Apollo Drive, Chelmsford, MA 01824.

5.      AXIS Communications AB ("AXIS AB") and Axis Communications, Inc. ("AXIS") are identified hereafter collectively as "Defendants".

6.      Canatelo previously filed a lawsuit against Defendants, styled Canatelo, LLC v. Axis Communications AB, et al., 13-CV-1084-GAG (PRD) (the "Puerto Rico Lawsuit") on February 4, 2013.  The Puerto Rico Lawsuit was dismissed for lack of personal jurisdiction on July 11, 2013.

7.      Defendants are in the business of making, using, selling, offering for sale and/or importing surveillance equipment and software.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

9.      This Court has personal jurisdiction over Defendants by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Canatelo and the cause of action Canatelo has raised, as alleged herein.

10.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long-Arm Statute, *Del Code. Ann. Tit. 3, §3104*, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.  Each Defendant thus has, upon information and belief, minimum contacts with this District and State, has purposefully availed itself of the privileges of conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

11.     Defendants have conducted and do conduct business within the state of Delaware, directly or through intermediaries, resellers, agents, or offer for sale, sell, and/or advertise products in Delaware that infringe the '111 and '858 Patents (collectively, the "Asserted Patents").

12.     In addition to Defendants' continuously and systematically conducting business in Delaware, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of Delaware, including Defendants' making, using, importing, offering for sale, advertising (including the use of web pages with promotional material) products or services, or using inducing others to use services or products or selling products which include features that fall within the scope of at least one claim of the '111 and '858 Patents.

13.     Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this District.  For example, Defendants have used, sold, offered for sale, and/or imported infringing products in this District.

### JOINDER

14.     Defendants are properly joined under 35 U.S.C. § 299(a)(1) because a right to relief is asserted against the parties jointly, severally and in the alternative with respect to the

same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the Asserted Patents with respect to video security and surveillance systems products including, but not limited to, the AXIS M1033-W Network camera.

15.     Defendants are properly joined under 35 U.S.C. § 299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the Asserted Patents, and what reasonable royalty will be adequate to compensate the owner of the Asserted Patents for its infringement.

16.     Defendant AXIS is a wholly-owned subsidiary of AXIS AB. By virtue of AXIS AB's ownership of AXIS, both offer the same products that infringe on the Asserted Patents.

17.     Defendants use, make, sell, offer for sale and/or import products that infringe on the Asserted Patents.

18.     At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused product and/or process.

## FACTUAL ALLEGATIONS

### The '111 Patent

19.     On December 18, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '111 Patent, entitled "Video monitoring and security system" after a full and fair examination. Canatelo is presently the owner of the '111 Patent,

having received all right, title and interest from the previous assignee of record. Canatelo owns all rights of recovery under the '111 Patent, including the exclusive right to recover for past infringement. The '111 Patent is valid and enforceable.

20.     The '111 Patent contains four independent claims and nine dependent claims.

21.     Defendants commercialize, *inter alia,* methods that perform all the steps recited in one or more claims of the '111 Patent.  Defendants make, use, sell, offer to sell and/or import products that perform a method for operating a video surveillance system, including but not limited to the AXIS M1033-W Network Camera (the "Defendants' Infringing Products"). Defendants' Infringing Products encompass one or more of the features recited and which perform all the steps comprised in the Asserted Patents.

22.     Defendants sell, offer to sell and/or import one or more of Defendants' Infringing Products within the State of Delaware.

23.     The invention claimed in the '111 Patent includes a method of operating a video surveillance system. The method of operating a video surveillance system includes the steps of detecting motion in a video signal; compressing a portion of the video signal that includes the detected motion; and transmitting the compressed portion of the video signal that includes the detected motion as part of an e-mail, only after the step of detecting motion. The method also includes the steps of accepting a user-defined mask having active and inactive cells, wherein any motion that occurs in the inactive cells remain undetected; and transmitting an alarm message independent from the e-mail but approximately simultaneous to the transmission of said email.

24.     Defendants' Infringing Products, including but not limited to AXIS M1033-W Network Camera, includes a video camera that generates a video signal.

5

25.     Defendants' Infringing Products include a built-in microprocessor, memory, and software for performing various functions in relation to video signals.

26.     The method of operating a video surveillance system performed by Defendants' Infringing Products includes the step of detecting motion in a video signal. For example, the AXIS M1033-W Network Camera, detects motion by generating an alarm whenever movement starts or stops in the camera view. Motion detection is configured by defining up to 10 "Include" and "Exclude" windows. "Include" windows define areas where motion should be detected and "Exclude" windows define areas within an Include window that should be ignored.

27.     The method of operating a video surveillance system performed by Defendants' Infringing Products includes the step of compressing a portion of the video signal that includes the detected motion. For example, the AXIS M1033-W Network Camera performs the step of signal compression by encoding a portion of the video signal in JPEG format.

28.     The method of operating a video surveillance system performed by Defendants' Infringing Products includes the step of transmitting the compressed portion of the video signal that includes the detected motion as part of an e-mail, only after the step of detecting motion. For example, the AXIS M1033-W Network Camera performs the step of detecting motion and sending users image files and notification messages of the detected event via email.

29.     The method of operating a video surveillance system performed by Defendants' Infringing Products includes the step of accepting a user-defined mask having active and inactive cells, wherein any motion that occurs in the inactive cells remains undetected. For example, the AXIS M1033-W Network Camera allows users to set up motion detection "Include" windows and "Exclude" windows. "Include" windows define areas where motion should be detected and "Exclude" windows define areas within an Include window that should be ignored.

30.     The method of operating a video surveillance system performed by Defendants' Infringing Products includes the step of transmitting an alarm message separate from the e-mail approximately simultaneous to the transmission of the e-mail. For example, the AXIS M1033-W Network Camera, transmits an alarm message, using file transfer protocol (FTP), which is separate from and in addition to the e-mail, upon a triggered motion.

### The '858 Patent

31.     On November 11, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '858 Patent, entitled "Video monitoring and security system" after a full and fair examination. Canatelo is presently the owner of the patent and possesses all right, title and interest in and to the '858 Patent. Canatelo owns all rights of recovery under the '858 Patent, including the exclusive right to recover for past infringement. The '858 Patent is valid and enforceable.

32.     The '858 Patent contains three independent claims and thirty-four dependent claims.

33.     The invention described in the '858 Patent includes a video monitoring system especially suitable to monitor the security of a facility against an intrusion.

34.     The video monitoring system includes at least one video camera that generates a video signal. In addition, the video monitoring system includes a computer operationally coupled with the at least one video camera and configured to receive the video signal, wherein the video signal includes a plurality of frames each having a plurality of cells. The computer described in the '858 Patent is configured to perform the following functions: detect motion as between a first and a second frame of the video signal by comparing a plurality of the cells of the first frame to a plurality of the cells of the second frame, wherein the plurality of cells of the first and second

7

frames exclude a user-defined insensitive area, which is completely surrounded by an active area containing the plurality of the cells of the first and second frames; automatically transmit an electronic message upon detection of the motion wherein the electronic message includes a recorded and compressed copy of the video signal beginning approximately coincident with the detection of motion; and automatically transmits an alarm message separate from the electronic message that alerts a user of the electronic message.

35.     Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, include a video monitoring system especially suitable to monitor the security of a facility against an intrusion.

36.     Defendants' Infringing Products includes at least one video camera that generates a video signal. Defendants' infringing product AXIS M1033-W Network Camera is an example of a system that has a video camera that generates a video signal.

37.     Defendants' Infringing Products include a built-in microprocessor, memory and software for performing various functions in relation to video signals.

38.     Defendants' Infringing Products include a computer operationally coupled with at least one video camera and configured to receive the video signal, wherein the video signal includes a plurality of frames each having a plurality of cells. The AXIS M1033-W Network Camera, is an example of a system that has a computer operationally coupled with a video camera that performs the function of a camera coupled with a computer, including but not limited to image processing, storage, and data network connectivity, input/output ports for connecting external devices and multiple H.264 and M-JPEG stream capabilities.

39.     Defendants' Infringing Products includes a computer configured to perform the function of detecting motion as between a first and a second frame of the video signal by

comparing a plurality of the cells of the first frame to a plurality of the cells of the second frame, wherein the plurality of cells of the first and second frames exclude a user-defined insensitive area, which is completely surrounded by an active area containing the plurality of the cells of the first and second frames. Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, detect motion by generating an alarm whenever movement starts or stops in the camera view. For example, motion detection is configured by defining up to 10 "Include" and "Exclude" windows. "Include" windows define areas where motion should be detected and "Exclude" windows define areas within an Include window that should be ignored.

40.     Defendants' Infringing Products include a computer configured to perform the function of automatically transmitting an electronic message upon detection of the motion wherein the electronic message includes a recorded and compressed copy of the video signal beginning approximately coincident with the detection of motion. Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, perform the step of detecting motion and sending users image files and notification messages of the detected event via email.

41.     Defendants' Infringing Products include a computer configured to perform the function of automatically transmitting an alarm message separate from the electronic message that alerts a user of the electronic message. Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, transmit an alarm message, using file transfer protocol (FTP), which is separate from and in addition to the e-mail, upon a triggered motion.

42.     Defendants sell, offer to sell and/or import one or more of the above cameras within the State of Delaware.

## DEFENDANTS' INFRINGEMENT

### Count I: DIRECT INFRINGEMENT

43.     Canatelo realleges and incorporates by reference the allegations set forth in paragraphs 1-42.

44.     Defendants practice patented surveillance methods of operating video surveillance systems commercialized in this judicial district.   Specifically, Defendants practice a method of operating a video surveillance system for detecting motion in a video signal; compressing a portion of the video signal that includes the detected motion; and transmitting the compressed portion of the video signal that includes the detected motion as part of an e-mail, after detecting motion.

### *The '111 Patent*

45.     Taken together, either partially or entirely, the features included Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, include each of the elements recited in at least Claims 1-10 of the '111 Patent.

46.     Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, perform each of the steps recited in at least Independent Claim 13 of the '111 Patent.

47.     Additionally, Defendants directly infringe one or more claims of the '111 Patent by offering to sell Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, and by licensing—to end users in a commercial transaction— software embedded in Defendants' Infringing Products that performs the method defined by one or more claims of the '111 Patent.   For example, and without limitation, Defendants directly infringe at least one claim of the '111 Patent by offering to sell and conveying Defendants'

Infringing Products to end users including a license to a fully operational software program implementing and thus embodying the patented method.

48.     By engaging in the conduct described herein, Defendants have injured Canatelo and is thus liable for infringement of the '111 Patents, pursuant to 35 U.S.C. §271.

49.     Defendants have committed these acts of infringement without license or authorization.

50.     To the extent that facts learned in discovery show that Defendants' infringement of the '111 Patent is or has been willful, Canatelo reserves the right to request such a finding at the time of trial.

51.     As a result of Defendants' infringement of the '111 Patent, Canatelo has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

52.     Canatelo will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.  As such, Canatelo is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

53.     Canatelo has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them from directly or indirectly infringing the '111 Patent.

### *The '858 Patent*

54.    Taken together, either partially or entirely, the features included in Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera include each of the elements recited in at least Independent Claim 26 of the '858 Patent.

55.    Taken together, either partially or entirely, the features included in the Infringing Products, including but not limited to the AXIS M1033-W Network Camera perform each of the steps recited in at least Claims 28-30 and 37 of the '858 Patent.

56.    Defendants directly infringe at least Claim 26 of the '858 Patent by using, selling, offering to sell and/or importing Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera in violation of 35 U.S.C. § 271(a).

57.    Defendants directly infringe at least Claims 28-30 and 37 of the '858 Patent by using, selling, offering to sell and/or importing Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera in violation of 35 U.S.C. § 271(a).

58.    By engaging in the conduct described herein, Defendants has injured Canatelo and is thus liable for infringement of the '858 Patent, pursuant to 35 U.S.C. §271.

59.    Defendants have committed these acts of infringement without license or authorization.

60.    To the extent that facts learned in discovery show that Defendants' infringement of the '858 Patents is or has been willful, Canatelo reserves the right to request such a finding at the time of trial.

61.    As a result of Defendants' infringement of the '858 Patents, Canatelo has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

62.     Canatelo will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.  As such, Canatelo is entitled to compensation for any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

63.     Canatelo has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them from directly or indirectly infringing the '858 Patent.

### Count II: INDUCING INFRINGEMENT

64.     Canatelo realleges and incorporates by reference the allegations set forth in paragraphs 1-63.

65.     Defendants have had knowledge of the Asserted Patents and therefore of its infringement at least as of service of this Puerto Rico Lawsuit.

66.     With knowledge of the patents in suit, Defendants have infringed and upon service of the complaint, continue to indirectly infringe the Asserted Patents by inducing the direct infringement of a class of actors which includes the end-users of the infringing products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the infringing products which perform all the steps of the patented method as described in one or more claims of the Asserted Patents, aware of the fact that such acts amount to infringement of one or more claims of the Asserted Patents. Such acts evidence specific intent to induce infringement of the Asserted Patents.

### *The '111 Patent*

67.     Defendants indirectly infringe one or more claims of the '111 Patent by actively inducing the infringement of its respective customers, buyers, users, subscribers and licensees who directly infringe by performing the patented methods in violation of 35 USC § 271(b).

68.     Defendants indirectly infringe at least Claims 1-10 and 13 of the '111 Patent by actively inducing its customers, buyers, users, subscribers and/or licensees to infringe on the '111 Patent at least by using any Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, in violation of 35 U.S.C. § 271(b). For example, Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, include manuals that instruct customers to install, setup, and use the infringing products.

69.     Defendants actively induce others, such as their customers, users, subscribers, and/or licensees, to use the infringing products, which perform every step of the method recited in one or more claims of the '111 Patent.

### *The '858 Patent*

70.     Defendants indirectly infringe one or more claims of the '858 Patent by actively inducing the infringement of their respective customers, buyers, users, subscribers and licensees who directly infringe using the patented system in violation of 35 USC § 271(b).

71.     Defendants indirectly infringe at least claims 26, 28-30 and 37 of the '858 Patent by actively inducing customers to infringe on the '858 Patent at least by using any of Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, in violation of 35 U.S.C. § 271(b). For example, Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, include manuals that instruct customers to install, setup, and use the infringing products.

## Count III: CONTRIBUTORY INFRINGEMENT

72.     Canatelo realleges and incorporates by reference the allegations set forth in paragraphs 1-71.

73.     Defendants have had knowledge of the Asserted Patents and therefore of its infringement at least as of service of the Puerto Rico Lawsuit.

74.     With knowledge of the patents in suit, Defendants have infringed and upon service of the Complaint, continue to indirectly infringe the Asserted Patents by contributing to the direct infringement of a class of actors which includes the end-users of the infringing products, as well as customers, users, subscribers and/or licensees, by selling, offering for sale, and otherwise encouraging the class of actors to use the infringing products which perform all the steps of the patented method as described in one or more claims of the Asserted Patents, aware of the fact that such acts amount to infringement of one or more claims of the Asserted Patents. Such acts evidence specific intent to contribute to the infringement of the Asserted Patents.

### The '111 Patent

75.     Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, are components of a patented machine covered by one or more of Claims 1-10 of the '111 Patent. Such components constitute a material part of the invention as they are the main focus of Defendants' advertisement. Such components are part of a surveillance system and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use. Also, Defendants advertise no use for such components other than as part the of surveillance system.

76.     Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, are apparatuses for use in practicing a patented process covered by at least Claim 13 of the '111 Patent. Such components constitute a material part of the invention as they are the main focus of Defendants' advertisement. Such components are part of a surveillance method and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use. Also, Defendants advertise no use for such components other than as part of surveillance method.

77.     Defendants' software included in, or sold as part of Defendants' Infringing products is an apparatus for use in practicing a patented process covered by at least Claim 13 of the '111 Patent. Such component is part of a surveillance method and, due to specific design of the software, is not a staple article or commodity of commerce suitable for non-infringing use. Also, Defendants advertise no use for such component other than as part of surveillance method.

78.     Defendants have known that Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, were especially designed or especially adapted for use in infringement of the '111 Patent at least as of service of the Complaint.

79.     Defendants contribute to the direct infringement of one or more of Claims 1-10 and 13 of the '111 Patent by offering to sell, selling and/or importing Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera in violation of 35 U.S.C. § 271(c).

### The '858 Patent

80.     Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera are components of a patented machine covered by one or more of Claims 1-26 of the '858 Patent. Such components constitute a material part of the invention as they are the

main focus of Defendants' advertisement. Such components are part of a surveillance system and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use. Also, Defendants advertise no use for such components other than as part the of surveillance system.

81.     Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera are apparatuses for use in practicing a patented method covered by one or more of Claims 28-37 of the '858 Patent. Such components constitute a material part of the invention as they are the main focus of Defendants' advertisement. Such components are part of a surveillance method and, due to specific design of such technology, are not a staple article or commodity of commerce suitable for non-infringing use. Also, Defendants advertise no use for such components other than as part the of surveillance method.

82.     Defendants' software included in, or sold as part of Defendants' Infringing products is an apparatus for use in practicing a patented process covered by at least Claims 28-37 of the '858 Patent. Such component is part of a surveillance method and, due to specific design of the software, is not a staple article or commodity of commerce suitable for non-infringing use. Also, Defendants advertise no use for such component other than as part of surveillance method.

83.     Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera, were especially designed or especially adapted for use in infringement of the '858 Patent at least as of service of the Complaint.

84.     Defendants contribute to the infringement of one or more of Claims 1-37 of the '858 Patent by offering to sell, selling and/or importing Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera in violation of 35 U.S.C. § 271(c).

85.     Defendants contribute to the direct infringement by others of one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(c).  The class of such direct infringers includes, but is not limited to, the purchasers and end users of Defendants' Infringing Products, including but not limited to the AXIS M1033-W Network Camera.

## DEMAND FOR JURY TRIAL

86.     Canatelo demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Canatelo respectfully prays for the following relief:

1.  That Defendants be adjudged to have infringed directly and/or indirectly, by inducing others and/or contributing to infringe, the '111 and '858 Patents, literally and/or under the doctrine of equivalents;

2.  That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '111 and '858 Patents;

3.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Canatelo for Defendants' past infringement and/or any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4.  An assessment of pre-judgment and post-judgment interests and costs against Defendants, together with an award of such interests and costs, in accordance with 35 U.S.C. §284;

5.   That Defendants be directed to pay enhanced damages, including Canatelo's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.   That Canatelo have such other and further relief as this Court may deem just and proper.

Dated: July 12, 2013                                                BAYARD, P.A.

OF COUNSEL:                                                          /s/ Stephen B. Brauerman
                                                                    Richard D. Kirk (#0922)
Eugenio Torres-Oyola                                                Stephen B. Brauerman (#4952)
FERRAIUOLI LLC                                                      Vanessa R. Tiradentes (#5398)
221 Plaza 5th Floor                                                 222 Delaware Avenue, Suite 900
221 Ponce de León Ave.                                              P.O. Box 25130
San Juan, Puerto Rico 00917                                         Wilmington, DE 19899
(787) 766-7000                                                      (302) 655-5000
etorres@ferraiuoli.com                                              rkirk@bayardlaw.com
                                                                    sbrauerman@bayardlaw.com
                                                                    vtiradentes@bayardlaw.com

                                                                    *Attorneys for Plaintiff Steelhead Licensing LLC*