## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CANATELO, LLC,                                    )
                                                 )
       Plaintiff,                        )
                                                 )
                                                 )   C.A. No. 13-1227-GMS
     v.                                      )
                                                 )   **JURY TRIAL DEMANDED**
AXIS COMMUNICATIONS AB,                          )
AXIS COMMUNICATIONS, INC.,                       )
COMMUNICATIONS SUPPLY CORPORATION,               )
and PREVENT ALARM, COMPANY, L.L.C.               )
d/b/a PREVENT SECURITY & TECHNOLOGY              )
                                                 )
       Defendants.                       )

## AXIS COMMUNICATIONS, INC.'S ANSWER TO CANATELO, LLC'S COMPLAINT FOR PATENT INFRINGEMENT, COUNTERCLAIMS, AND CROSS-CLAIM

Defendant AXIS Communications, Inc. ("AXIS-INC") responds as follows to the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff CANATELO, LLC ("Plaintiff" or "Canatelo"), only as it pertains to AXIS-INC:

### THE PARTIES AND PATENTS-IN-SUIT

1.    Admitted that Paragraph 1 of the Complaint alleges that this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C."), and seeks to prevent and enjoin the named defendants from infringing and profiting, in an illegal manner and without authorization and/or consent from Plaintiff, from U.S. Patent No. 7,310,111 (the "'111 Patent") and 6,476,858 (the "'858 Patent") (collectively, the "Asserted Patents"), pursuant to 35 U.S.C. §271, and seeks to recover damages, attorneys' fees, and costs, and that copies of the '111 Patent and the '858 Patent were attached to the Complaint; denied that AXIS-INC is liable to Plaintiff for any violation of any right under the Asserted

Patents or otherwise, denied that Plaintiff is entitled to recover any damages, attorneys' fees, and/or costs.

2.     AXIS-INC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies them.

3.     Admitted.

4.     AXIS-INC admits AXIS-INC is a Massachusetts corporation with a sales office having an address at Apollo Drive, Chelmsford, MA; otherwise denied.

5.     AXIS-INC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies them.

6.     AXIS-INC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies them.

7.     Admitted.

8.     Admitted that AXIS-INC makes, sells, offers for sale and imports various video surveillance products; otherwise denied.

9.     Admitted.

10.    Admitted that Prevent Alarm Company, LLC is a reseller of some AXIS products; otherwise, denied.

11.    AXIS-INC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies them.

12.    Paragraph 12 does not assert any allegations against AXIS-INC and therefore does not require a response and further denies that "Defendants" can appropriately be referred to collectively.

## JURISDICTION AND VENUE

13.    AXIS-INC admits that the Complaint purports to be an action arising under the patent laws of the United States, and as such, this Court would have subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  AXIS-INC denies that the Complaint properly states any such claims.

14.    To the extent the allegations in Paragraph 14 of the Complaint pertain to AXIS-INC, AXIS-INC admits it has transacted business in the jurisdiction, otherwise denies the allegations of Paragraph 14 of the Complaint as stated that pertain to AXIS-INC, and otherwise denied.

15.    The allegations of Paragraph 15 of the Complaint constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 15 of the Complaint pertain to AXIS-INC, AXIS-INC admits it has transacted business in the jurisdiction; AXIS-INC denies that AXIS-INC has committed acts of patent infringement in this District and State, and otherwise denies all other allegations of Paragraph 15 of the Complaint that pertain to AXIS-INC.

16.    To the extent the allegations in Paragraph 16 of the Complaint pertain to AXIS-INC, AXIS-INC admits it has transacted business in the jurisdiction; otherwise denied.

17.    To the extent the allegations in Paragraph 17 of the Complaint pertain to AXIS-INC, denied.

18.    The allegations of Paragraph 18 of the Complaint constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 18 of the Complaint pertain to AXIS-INC, denied.

## JOINDER

19.     The allegations of Paragraph 19 of the Complaint constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 19 of the Complaint pertain to AXIS-INC, denied.

20.     The allegations of Paragraph 20 of the Complaint constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 20 of the Complaint pertain to AXIS-INC, denied.

21.     Admitted that AXIS-INC is a wholly-owned subsidiary of AXIS AB; otherwise denied.

22.     Denied.

23.     AXIS-INC states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, such allegations are denied.

24.     The allegations of Paragraph 24 of the Complaint constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 24 of the Complaint pertain to AXIS-INC, denied.

25.     The allegations of Paragraph 25 of the Complaint constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 25 of the Complaint pertain to AXIS-INC, denied.

## FACTUAL ALLEGATIONS

### *The '111 Patent*

26.     AXIS-INC admits that the '111 Patent bears an issue date of December 18, 2007 and is entitled "Video monitoring and security system." AXIS-INC denies the remaining allegations of Paragraph 26 of the Complaint.

27.    Admitted; denied that any of the claims of the Asserted Patents are infringed, valid or enforceable.

28.    The allegations of Paragraph 28 of the Complaint constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 28 of the Complaint pertain to AXIS-INC and a response is required, admitted that the identified products "AXIS M1011-W, M3011, P3301, P3301-V, P5532, and Q6032" are AXIS network cameras; otherwise denied.   AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

29.    To the extent the allegations in Paragraph 29 of the Complaint pertain to AXIS-INC, denied.   AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

30.    To the extent that the allegations of Paragraph 30 of the Complaint propose claim constructions for any claims of the '111 Patent, they constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 30 of the Complaint pertain to AXIS-INC and a response is required, AXIS-INC states that the claims of the '111 Patent speak for themselves, and denies the allegations of Paragraph 30 to the extent they vary from the claims of the '111 Patent.

31.    To the extent the allegations in Paragraph 31 of the Complaint pertain to AXIS-INC, AXIS-INC admits that "AXIS M1011-W, M3011, P3301, P3301-V, P5532, and Q6032" refer to network cameras; otherwise denied. AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

32.    To the extent the allegations in Paragraph 32 of the Complaint pertain to AXIS-INC, AXIS-INC admits that "AXIS M1011-W, M3011, P3301, P3301-V, P5532, and Q6032" refer to network cameras including built-in microprocessor, memory, and software; otherwise denied. AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous. Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

33.    To the extent the allegations in Paragraph 33 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

34.    To the extent the allegations in Paragraph 34 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of

"Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

35.     To the extent the allegations in Paragraph 35 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

36.     To the extent the allegations in Paragraph 36 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

37.     To the extent the allegations in Paragraph 37 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

***The '858 Patent***

38.    AXIS-INC admits that the '858 Patent bears an issue date of November 11, 2002 and is entitled "Video monitoring and security system." AXIS-INC denies the remaining allegations of Paragraph 38 of the Complaint.

39.    Admitted; denied that any of the claims of the Asserted Patents are infringed, valid or enforceable.

40.    To the extent that the allegations of Paragraph 40 of the Complaint propose claim constructions for any claims of the '858 Patent, they constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 40 of the Complaint pertain to AXIS-INC and a response is required, AXIS-INC states that the claims of the '858 Patent speak for themselves, and denies the allegations of Paragraph 40 to the extent they vary from the claims of the '858 Patent.

41.    To the extent that the allegations of Paragraph 41 of the Complaint propose claim constructions for any claims of the '858 Patent, they constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 41 of the Complaint pertain to AXIS-INC and a response is required, AXIS-INC states that the claims of the '858 Patent speak for themselves, and denies the allegations of Paragraph 41 to the extent they vary from the claims of the '858 Patent.

42.    To the extent the allegations in Paragraph 42 of the Complaint pertain to AXIS-INC, AXIS-INC admits that "AXIS M1011-W, M3011, P3301, P3301-V, P5532, and Q6032" refer to network cameras; otherwise denied. AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is

otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents

43.     To the extent the allegations in Paragraph 43 of the Complaint pertain to AXIS-INC, AXIS-INC admits that "AXIS M1011-W, M3011, P3301, P3301-V, P5532, and Q6032" refer to network cameras; otherwise denied. AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

44.     To the extent the allegations in Paragraph 44 of the Complaint pertain to AXIS-INC, AXIS-INC admits that "AXIS M1011-W, M3011, P3301, P3301-V, P5532, and Q6032" refer to network cameras including a built-in microprocessor, memory, and software; otherwise denied. AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

45.     To the extent the allegations in Paragraph 45 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

46.    To the extent the allegations in Paragraph 46 of the Complaint pertain to AXIS-INC, denied.   AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

47.    To the extent the allegations in Paragraph 47 of the Complaint pertain to AXIS-INC, denied.   AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

48.    To the extent the allegations in Paragraph 48 of the Complaint pertain to AXIS-INC, denied.   AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

49.    To the extent the allegations in Paragraph 49 of the Complaint pertain to AXIS-INC, denied.

**Count I: Direct Infringement**

50.    AXIS-INC incorporates by reference each and every response to Paragraphs 1-49 as if fully set forth herein.

51.    To the extent the allegations in Paragraph 51 of the Complaint pertain to AXIS-INC, denied.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

### The '111 Patent

52.    To the extent the allegations in Paragraph 52 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

53.    To the extent the allegations in Paragraph 53 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

54.    To the extent the allegations in Paragraph 54 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

55.     To the extent the allegations in Paragraph 55 of the Complaint pertain to AXIS-INC, denied.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

56.     To the extent the allegations in Paragraph 56 of the Complaint pertain to AXIS-INC, denied.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

57.     In response to Paragraph 57, AXIS-INC denies infringement. There are no additional factual allegations set forth in Paragraph 57 of the Complaint which require a response.  Denied that there is any infringement, therefore, denied that there could be any willful infringement.

58.     To the extent the allegations in Paragraph 58 of the Complaint pertain to AXIS-INC, denied.

59.     Denied.

60.     Denied.

### The '858 Patent

61.     To the extent the allegations in Paragraph 61 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

62.     To the extent the allegations in Paragraph 62 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of

"Defendants Infringing Products" or "Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

63.    To the extent the allegations in Paragraph 63 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

64.    To the extent the allegations in Paragraph 64 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

65.    To the extent the allegations in Paragraph 65 of the Complaint pertain to AXIS-INC, denied.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

66.    To the extent the allegations in Paragraph 66 of the Complaint pertain to AXIS-INC, denied.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

67.    In response to Paragraph 67, AXIS-INC denies infringement. There are no additional factual allegations set forth in Paragraph 67 of the Complaint which require a response.  Denied that there is any infringement, therefore, denied that there could be any willful infringement.

68.    To the extent the allegations in Paragraph 68 of the Complaint pertain to AXIS-INC, denied.

69.    Denied.

70.    Denied.

## Count II: INDUCING INFRINGEMENT

71.    AXIS-INC incorporates by reference each and every response to Paragraphs 1-70 as if fully set forth herein.

72.    To the extent the allegations in Paragraph 72 of the Complaint pertain to AXIS-INC, denied.

73.    AXIS-INC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, therefore, denies them.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

74.    To the extent the allegations in Paragraph 74 of the Complaint pertain to AXIS-INC, denied.

### The '111 Patent

75.    To the extent the allegations in Paragraph 75 of the Complaint pertain to AXIS-INC, denied.

76.    To the extent the allegations in Paragraph 76 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of

"Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

77.    To the extent the allegations in Paragraph 77 of the Complaint pertain to AXIS-INC, denied.

### The '858 Patent

78.    To the extent the allegations in Paragraph 78 of the Complaint pertain to AXIS-INC, denied.

79.    To the extent the allegations in Paragraph 79 of the Complaint pertain to AXIS-INC, denied.   AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

### Count III: CONTRIBUTORY INFRINGEMENT

80.    AXIS-INC incorporates by reference each and every response to Paragraphs 1-79 as if fully set forth herein.

81.    To the extent the allegations in Paragraph 81 of the Complaint pertain to AXIS-INC, denied.

82.    AXIS-INC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and, therefore, denies them.

83.   To the extent the allegations in Paragraph 83 of the Complaint pertain to AXIS-INC, denied.

### The '111 Patent

84.   To the extent the allegations in Paragraph 84 of the Complaint pertain to AXIS-INC, denied.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

85.   To the extent the allegations in Paragraph 85 of the Complaint pertain to AXIS-INC, denied.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

86.   To the extent the allegations in Paragraph 86 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

87.   To the extent the allegations in Paragraph 87 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

88.   To the extent the allegations in Paragraph 88 of the Complaint pertain to AXIS-INC, denied.   AXIS-INC denies any and all allegations including the purported definition of

"Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

### The '858 Patent

89.    To the extent the allegations in Paragraph 89 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

90.    To the extent the allegations in Paragraph 90 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

91.    To the extent the allegations in Paragraph 91 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.   Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

92.     To the extent the allegations in Paragraph 92 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

93.     To the extent the allegations in Paragraph 93 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

94.     To the extent the allegations in Paragraph 94 of the Complaint pertain to AXIS-INC, denied.  AXIS-INC denies any and all allegations including the purported definition of "Defendants Infringing Products," as AXIS-INC denies any infringement, and the purported definition references unidentified and unknown products, and is otherwise incomprehensible, incapable of response, vague and ambiguous.  Denied that any act complained of in the Complaint infringes either of the Asserted Patents.

## PRAYER FOR RELIEF

AXIS-INC asserts that Plaintiff is not entitled to the relief requested in sub-sections 1-6 of the Prayer for Relief section of the Complaint as related to AXIS-INC. Further, to the extent the Prayer for Relief section of the Complaint includes allegations requiring a response, AXIS-INC denies such allegations.

## GENERAL DENIAL

Except as expressly admitted herein, AXIS-INC denies each and every allegation contained in the Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), without assuming any burden that it would not otherwise bear, and reserving the right to assert other defenses, AXIS-INC asserts the following against Plaintiff's Complaint:

## FIRST DEFENSE

1.    AXIS-INC does not infringe, and has not infringed, any claim of the Asserted Patents, either literally or under the doctrine of equivalents, nor is AXIS-INC actively inducing or contributing to the inducement of any claim of the Asserted Patents.

## SECOND DEFENSE

2.    The Complaint, and each and every purported cause of action therein, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

3.    The claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements or conditions for patentability of 35 U.S.C. and 37 C.F.R., including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

## FOURTH DEFENSE

4.    The claims of the Asserted Patents are unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. and 37 C.F.R., including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

## FIFTH DEFENSE

5.      The Asserted Patents are unenforceable at least because the applicants and others with a duty to disclose improperly withheld material prior art from the United States Patent and Trademark Office during prosecution of the applications that matured into the Asserted Patents.

## SIXTH DEFENSE

6.      Plaintiff is estopped from asserting infringement by any AXIS-INC product, service or process by statements and amendments made to the United States Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents. Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel and the doctrine of prosecution disclaimer.

## SEVENTH DEFENSE

7.      As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the application for the Asserted Patents, specifically the admissions, representations, and amendments made on behalf of the applicants for the Asserted Patents, Plaintiff is estopped from asserting any construction of the claims of the Asserted Patents to cover any activity engaged in or any product sold by AXIS-INC, and/or has waived any right to do so.

## EIGHTH DEFENSE

8.      Plaintiff's claims under the Asserted Patents are barred by the doctrines of laches and waiver due to Plaintiff's (and any of its predecessors-in-interest) knowledge of AXIS-INC's allegedly infringing actions (all of which are denied), and their unjustified and/or unreasonable failure to pursue their infringement claims diligently and timely from the time it became aware it had claims against AXIS-INC.

## NINTH DEFENSE

9.     The Asserted Patents are unenforceable at least because they have been or are being misused by Plaintiff by the assertion of a scope of the claims beyond any reasonable interpretation thereof in order to wrongfully obtain revenue from the licensing of the Asserted Patents and/or from this action.

## TENTH DEFENSE

10.    The Asserted Patents are unenforceable at least based on the equitable doctrine of prosecution laches.

## ELEVENTH DEFENSE

11.    AXIS-INC is not willfully infringing and has not willfully infringed any claim of the Asserted Patents.

## TWELFTH DEFENSE

12.    Canatelo is not entitled to recover damages for past infringement, if any, under the doctrine of laches and its claims, if valid, are barred by the doctrine of estoppel because of the unreasonable delay in bringing suit.

## THIRTEENTH DEFENSE

13.    Canatelo claims are barred or limited, in whole or in part, by one or more of the doctrines of unclean hands, waiver, laches, estoppel, and/or other equitable doctrines.

## FOURTEENTH DEFENSE

14.    Canatelo's claim for damages are barred, in whole or in part, under 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

**FIFTEENTH DEFENSE**

15.    Canatelo has not alleged any basis for and cannot prove that this is an exceptional case to justify any award of attorney fees against AXIS-INC pursuant to 35 U.S.C. § 285.

**SIXTEENTH DEFENSE**

16.    Canatelo is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**SEVENTEENTH DEFENSE**

17.    Canatelo is not entitled to injunctive relief because Canatelo cannot prove (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that a remedy in equity is warranted; and (4) that the public interest warrants an injunction.

**EIGHTEENTH DEFENSE**

18.    Canatelo is not entitled to injunctive relief because AXIS-INC has not infringed and is not infringing any valid claim of the Asserted Patents, and any purported injury to Canatelo is not immediate or irreparable. To the extent Canatelo proves that it would be entitled to any relief, it would have an adequate remedy at law. Moreover, the public interest and balance of hardships disfavors an injunction under the circumstances of this case.

**NINETEENTH DEFENSE**

19.    Prior to receiving a copy of the Asserted Patents in connection with the Complaint in the Puerto Rico Lawsuit, AXIS-INC had neither actual nor constructive notice of the Asserted Patents.  Upon information and belief, Plaintiff is not entitled to any damages for any period prior to filing of the Puerto Rico Litigation, by reason of the failure to properly mark products embodying the claims of the Asserted Patents as required by 35 U.S.C. § 287

## TWENTIETH DEFENSE

20.    Prior to receiving a copy of the Asserted Patents in connection with the Complaint in the Puerto Rico Lawsuit, AXIS-INC had neither actual nor constructive notice of the Asserted Patents.  Canatelo is not entitled to any claim for infringement or damages for any alleged contributory or induced infringement (all of which are denied) prior to AXIS-INC's knowledge of the patents.

## ADDITIONAL DEFENSES

21.    AXIS-INC expressly incorporates by reference all affirmative and other defenses that are advanced by any other defendant named in this action.22.   AXIS-INC reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## RESERVATION OF RIGHTS

AXIS-INC reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## PRAYER FOR RELIEF

AXIS-INC respectfully requests that Canatelo's Complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285, and that AXIS-INC be awarded its reasonable attorneys' fees, costs and such other relief as the Court may deem just and proper.

## COUNTERCLAIMS

AXIS Communications Inc. ("AXIS-INC"), for its counterclaims against Canatelo, LLC ("Canatelo"), states as set forth below.

## THE PARTIES

1.      AXIS-INC is a Massachusetts corporation, with its principal place of business in Chelmsford, Massachusetts.

2.      Upon information and belief, as alleged in its First Amended Complaint, Canatelo is a Puerto Rico limited liability company, with its principal place of business at Martinal Plaza Aldea St. 1414, San Juan, Puerto Rico 00907.

## JURISDICTION AND VENUE

3.      AXIS-INC's counterclaims for declaratory judgment arise under the Federal Declaratory Judgment Act and the patent laws of the United States, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 100 *et seq.* This Court has subject matter jurisdiction over Axis's counterclaims under 28 U.S.C. §§ 1331, 1367, and 1338(a).

4.      On July 12, 2013, Canatelo filed a Complaint (D.I. 1), and on August 19, 2013, filed the First Amended Complaint (D.I. 7, the "Complaint") in this Court against AXIS-INC, both alleging infringement of U.S. Patent No. 7,310,111 (the "'111 Patent") and 6,476,858 (the "'858 Patent") (collectively, the "Asserted Patents") by, *inter alia*, AXIS-INC. AXIS-INC denies infringement of the Asserted Patents as alleged in the Amended Complaint and asserts the invalidity and unenforceability of the Asserted Patents, among other defenses, as set forth above in AXIS-INC's Answer.

5.      This Court has personal jurisdiction over Canatelo because Canatelo has submitted itself to the jurisdiction of this Court.

6.      To the extent that venue in this Court is proper for the claims set forth in Canatelo's Complaint, venue is also proper for these counterclaims.

## BACKGROUND

7.     Canatelo alleges in its Complaint that it owns all rights, title and interest in and to the Asserted Patents.

8.     Canatelo, by its Complaint, has charged AXIS-INC with infringement, inducement, and contributory infringement of the Asserted Patents.

9.     AXIS-INC denies any infringement and is not infringing any claim of the Asserted Patents.  AXIS-INC denies that it has contributorily infringed or induced others to infringe or is contributorily infringing or inducing others to infringe any claim of the Asserted Patents.

10.     AXIS-INC seeks a judicial declaration that it does not infringe, contributorily, or induce infringement of the Asserted Patents.

11.     There exists, therefor, an actual controversy between AXIS-INC and Canatelo with respect to the Asserted Patents.

12.     The Asserted Patents are invalid and void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 185.

13.     AXIS-INC seeks a judicial declaration that the Asserted Patents are invalid and/or void.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '111 Patent)

14.     The allegations of Paragraphs 1-13 of the Counterclaims are incorporated by reference as if fully set forth herein

15.     AXIS-INC has not infringed and is not infringing, either directly or indirectly (such as contributorily or by way of inducement), any claim of the '111 Patent, either literally or under the doctrine of equivalents.

16.     Accordingly, AXIS-INC is entitled to a declaratory judgment that it has not infringed and does not infringe the '111 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '111 Patent)

17.     The allegations of Paragraphs 1-16 of the Counterclaims are incorporated by reference as if fully set forth herein.

18.     The claims of the '111 Patent are invalid and/or void because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 185.

19.     Accordingly, AXIS-INC is entitled to a declaratory judgment that the claims of the '111 Patent is invalid and/or void.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '858 Patent)

20.     The allegations of Paragraphs 1-19 of the Counterclaims are incorporated by reference as if fully set forth herein

21.     AXIS-INC has not infringed and is not infringing, either directly or indirectly (such as contributorily or by way of inducement), any claim of the '858 Patent, either literally or under the doctrine of equivalents.

22.     Accordingly, AXIS-INC is entitled to a declaratory judgment that it has not infringed and does not infringe the '858 Patent.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity of the '858 Patent)

23.     The allegations of Paragraphs 1-22 of the Counterclaims are incorporated by reference as if fully set forth herein.

24.     The claims of the '858 Patent are invalid and/or void because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 185.

25.     Accordingly, AXIS-INC is entitled to a declaratory judgment that the claims of the '858 Patent is invalid and/or void.

## PRAYER FOR RELIEF

WHEREFORE, AXIS-INC respectfully prays for judgment against Canatelo and for relief as follows:

a)      Dismissal of Canatelo's Complaint with prejudice;

b)      Judgment in favor of AXIS-INC and against Canatelo;

c)      A declaration and judgment that AXIS-INC does not infringe, contributorily infringe, or induce infringement of, the Asserted Patents;

d)      A declaration and judgment that the Asserted Patents are invalid and/or void;

e)      A finding that Canatelo is not entitled to any relief, whether in law or equity or otherwise, from its suit against AXIS-INC;

f)      A finding that this case is exceptional under 35 U.S.C. § 285, and an award to AXIS-INC of its costs and expenses, including reasonable attorneys' fees;

g)      An award of AXIS-INC's costs and disbursements in connection with this action; and,

h)      Awarding such other and further relied as this Court may deem just and proper.

## CROSS-CLAIM AGAINST DEFENDANT
## COMMUNICATIONS SUPPLY CORPORATION (CSC)

AXIS Communications Inc. ("AXIS-INC"), for its cross-claims against Communications Supply Corporation ("CSC"), states as set forth below.

## INDEMNITY

1.      The Court has supplemental jurisdiction of this cross-claim under 28 U.S.C. § 1367(a) because it arises out of the same transaction and occurrence alleged in Canatelo's Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

2.      CSC is an authorized distributor of certain AXIS products that may be at issue in the present action.

3.      CSC and AXIS-INC are parties to an agreement having an effective date of March 1, 2004.

4.      According to the terms of the March 1, 2004 agreement, CSC has a duty to indemnify and hold AXIS-INC harmless for the allegations against AXIS-INC in Canatelo's Complaint arising from CSC's complained of actions in relation to AXIS products.

WHEREFORE, AXIS-INC respectfully prays for its cross-claim against CSC and for relief as follows:

a)      That if any judgment is entered in the action against AXIS-INC and in favor of Canatelo for any act of CSC alleged in Canatelo's Complaint arising from the complained of actions of CSC in relation to AXIS products, that CSC be required to indemnify and hold AXIS-INC harmless for any such judgment, that CSC be solely liable for Canatelo's damages in regard to the foregoing, or in the

alternative, that AXIS-INC have judgment against CSC for any damages that may be assessed against AXIS-INC in regard to the foregoing; and,

b)      Awarding such other and further relied as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and D. Del. LR 38.1, AXIS-INC respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Anthony S. Volpe
Michael F. Snyder
Gerald B. Halt, Jr.
Aneesha A. Mehta
VOLPE & KOENIG, P.C.
30 S. 17th Street
Philadelphia, PA 19103
Tel:  (215) 568-6400

Dated:  October 22, 2013
1127291 / 40668

By:   _/s/ David E. Moore_
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant*
*AXIS Communications, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 22, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 22, 2013, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
*Attorneys for Plaintiff*

Eugenio Torres-Oyola
Ferraiuoli LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
etorres@ferraiuoli.com
*Attorneys for Plaintiff*

Francis DiGiovanni
M. Curt Lambert
Novak Druce Connolly Bove + Quigg LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
frank.digiovanni@novakdruce.com
curt.lambert@novakdruce.com
*Attorneys for Defendant Communications
Supply Corporation*

Ray L. Weber
Laura J. Gentilcore
Renner Kenner Greive Bobak Taylor &
    Weber Co. LPA
First National Tower, Suite 400
106 South Main Street
Akron, OH 44308
rlweber@rennerkenner.com
ljgentilcore@rennerkenner.com
*Attorneys for Defendant Communications
Supply Corporation*

By:    */s/ David E. Moore*                 
           Richard L. Horwitz
           David E. Moore
           Bindu A. Palapura
           POTTER ANDERSON & CORROON LLP
           Tel:  (302) 984-6000
           rhorwitz@potteranderson.com
           dmoore@potteranderson.com
           bpalapura@potteranderson.com

1117334/40668